# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**CHARLES N. SMITH, JR.,**

    Plaintiff,

v.                                                                      **CIVIL ACTION NO. 3:07CV49**
                                                                                **(Judge Bailey)**

**WILLIAM J. TEACH, In his Official
Capacity as The County
Engineer/Building Code Official of
Berkeley County, West Virginia and in
his Personal and Individual Capacity,
and JOHN DOES I-V,**

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On June 22, 2007, the above styled matter came before the Court pursuant to defendant's Motion to Dismiss [Doc. No. 6] on the ground of failure to state a claim upon which relief can be granted. The plaintiff filed his Response in Opposition [Doc. No. 10] to the Motion on August 22, 2007, and the defendant's Reply [Doc. No. 12] was filed on August 31, 2007. For the reasons stated in the Order, the Motion to Dismiss is **DENIED**.

The defendants argue that this Court should dismiss the above matter pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff's complaint fails to state a claim upon which relief can be granted. "A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990)). "A motion to dismiss for failure to state a

claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (en banc) (citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *See* Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Finally, in rendering its decision, the Court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice. *See* Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995).

The complaint alleges that the defendant suspended the plaintiff's inspection privileges in Berkeley County without notice and without advising him of any appeal rights or any rights to a post-deprivation hearing, thereby depriving him of his property interest in his electrical inspection certification and a liberty interest in his good name and reputation in connection with his electrical inspection business. The complaint also alleges that the State Fire Marshall has the sole authority to suspend and revoke electrical inspection certificates, rather than the defendant.

At this stage of the proceedings, the Court cannot say with certainty that the plaintiff would be unable to prove any set of facts in his complaint. Therefore, defendant's Motion to Dismiss is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**ENTERED**:   September 14,  2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE