# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHARLES N. SMITH,**

    **Plaintiff,**

**v.**                                             **CIVIL ACTION NO. 3:07-CV-49**
                                                                   **(BAILEY)**

**WILLIAM J. TEACH, et. al.,**

    **Defendants.**

## ORDER DENYING BERKELEY COUNTY COMMISSION'S MOTION FOR SUMMARY JUDGMENT

This case is presently before the Court on defendant Berkely County Commission's ("Berkeley County") Motion for Summary Judgment [Doc. 133], plaintiff's Response [Doc. 145] , and defendant Berkeley County and defendant William J. Teach's joint Reply [Doc. 149]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant Berkeley County's Motion for Summary Judgment [Doc. 133] should be **DENIED.**

## BACKGROUND

Plaintiff brought suit in the United States District Court for the Northern District of West Virginia under 42 U.S.C. § 1983 and the West Virginia Constitution alleging violations of his Fifth and Fourteenth Amendment right to Due Process; his First Amendment right of Access to the Courts; and negligence. (Compl. [Doc. 1] ¶¶ 17-41). Plaintiff brought suit against the Berkeley County Commission, and against William J. Teach ("Teach") in his personal and official capacity as County Engineer/Building Code Official of Berkeley

County, West Virginia. (Compl. [Doc. 1] at 1; Am. Compl. [Doc. 52] ). On May 11, 2009, plaintiff filed a Second Amended Complaint [Doc. 140] alleging six causes of action: (1) deprivation of property interest in violation of his Due Process right under the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Section 10 of the West Virginia Constitution; (2) deprivation of liberty interest in violation of his Due Process right under the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Section 10 of the West Virginia Constitution; (3) deprivation of Substantive Due Process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Section 10 of the West Virginia Constitution; (4) tortious interference in business relationships; (5) negligence of the defendants in suspending plaintiff's inspection privileges, and (6) injunctive relief against the defendants. (Second Am. Compl. [Doc. 140] ¶¶ 43-79).

On April 30, 2009, defendant Berkeley County Commission filed a Motion for Summary Judgment [Doc. 133] as to Count Five of the Second Amended Complaint. Defendant Berkeley County argues that it is entitled to summary judgment on Count Five as it is immunized from liability by West Virginia Code § 29-12A-3(c). (Id.) In response, plaintiff argues that West Virginia Code § 29-12A-3(c) is inapplicable as it relates to negligence in exercising licensing powers or functions, and defendant did not have the authority to revoke or suspend plaintiff's state issued electrical inspector's license. [Doc. 145].

# FACTS

The Undisputed Material Facts ("UMF"), taken in the light most favorable to plaintiff, are as follows:

1. Plaintiff is a West Virginia certified electrical inspector doing business as an electrical inspector in Martinsburg and Berkeley County, West Virginia. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 5; Smith Dep. at 35:6-8; Teach Dep. at 156:2-4).

2. Defendant William J. Teach is the County Engineer/Building Code Official for Berkeley County, West Virginia. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 6; Pl.'s M. for Summ. J. at 2 ¶ 2; Teach Dep. at 14:15-18, 17:19-18:7).

3. Defendant William J. Teach is the head of the Berkeley County Engineering/Building Permits Department. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 6; Teach Dep. at 14:15-18, 17:19-18:7; Pl.'s M. for Summ. J. [Doc. 66-1] at 2).

4. Defendant County Commission of Berkeley County is a political subdivision of the State of West Virginia and is the employer of defendant Teach. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 7; Pl.'s M. for Summ. J. [Doc. 66-1] ¶ 3).

5. Plaintiff was certified in 2003, by the State Fire Marshal, pursuant to W. Va. Code § 29-3C-1 *et seq.*, to perform electrical inspections in West Virginia. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 11; Smith Dep. at 35:6-8; Teach Dep. 155:7-156:4).

6.  Plaintiff was a certified electrical inspector in the State of West Virginia at all times relevant to the case at bar. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 11; Smith Dep. at 35:6-8; Teach Dep. 155:7-156:4).

7.  As a certified electrical inspector in West Virginia, plaintiff was performing electrical inspections in Berkeley County, West Virginia, from 2003 through February 22, 2007.[1] (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 13-14; Pl.'s M. for Summ. J. [Doc. 66-1] at 3).

8.  Defendant Teach suspended plaintiff's electrical inspector's license in Berkeley County, West Virginia on February 22, 2007. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 14; Pl.'s M. for Summ. J. [Doc. 66-1] at 3, [Doc. 66-2] Ex.1, Suspension Letter, dated February 21, 2007 ).

9.  On February 6, 2007, plaintiff performed a final electrical inspection at a residential construction project permitted by the Berkeley County Engineering/Building Permits Department under permit #36444G (hereinafter "project"). (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶¶ 19, 21-22; Pl.'s M. for Summ. J. [Doc.

---

[1] Defendant Teach submitted two electrical inspections agreements, one dated February 14, 2003, and one dated January 28, 2005. (Teach's Resp. and Cross M., attachments). Defendant Teach also noted in his Response portions of plaintiff's deposition relating to plaintiff's understanding of the agreements. (Id. at ¶8). It is clear to the Court, however, that on their face the agreements were not in effect during the time at issue. The February 14, 2003 agreement terminated on June 30, 2004, and the January 28, 2005 agreement terminated on December 31, 2005. (Teach's Resp. and Cross M., attachments). The attachments were not in effect and, therefore, are irrelevant to the instant motion.

66-1] at 3; Suspension Letter; www.berkeleycountycomm.org at building permit #36444G, picture DSCN 1018 [2]).

10. After February 6, 2007, and on or before February 12, 2007 the general contractor on the project, defendants Thomas K. Norton, III and/or Tom Norton Builders, LLC, T/A Clarion Homes (hereinafter "Norton") contacted the Engineering/Building Permits department to express concerns about the condition of the electrical elements of the project. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 20; Pl.'s M. for Summ. J. [Doc. 66-1] at 3; Suspension Letter; www.berkeleycountycomm.org).

11. After February 6, 2007, and on or before February 12, 2007 Norton requested, and was granted, permission to reinspect the electrical elements of the project. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 20; Teach Dep. 37:16-38:5; Pl.'s M. for Summ. J. [Doc. 66-1] at 3; Suspension Letter; www.berkeleycountycomm.org).

12. Defendant Teach considered Norton's concerns about the condition of the electrical elements to constitute the complaint against plaintiff. (Teach Dep. at 37:16-38:5; Pl.'s M. for Summ. J. [Doc. 66-1] at 3; Suspension Letter, www.berkeleycountycomm.org).

---

[2] Defendant Berkeley County admitted in its Answer to the Second Amended Complaint that the contents of the website www.berkeleycountycomm.org are accurate with respect to building permit #36444G. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 21-22). The Court, therefore, will take the contents of the website www.berkeleycountycomm.org with respect to building permit #36444G to be evidence in its own right and refer to it hereinafter as "www.berkeleycountycomm.org."

13. Defendant Teach, through his staff, inspected the property on February 12, 2007. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 23; Teach Dep. at 38:6-15; Pl.'s M. for Summ. J. [Doc. 66-1] at 3; Suspension Letter, www.berkeleycountycomm.org).

14. Plaintiff was not given notice of the reinspection. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶ 23; Pl.'s M. for Summ. J. [Doc. 66-1] at 3).

15. On or about February 12, 2007, Norton submitted to the Engineering/Building Permits Department the written report of the reinspection, listing twenty-nine (29) alleged electrical code violations. (Teach Dep. at 38:16-39:8; Pl.'s M. for Summ. J. [Doc. 66-1] at 3; Suspension Letter, www.berkeleycountycomm.org).

16. On or about February 12, 2007, a member or members of the Engineering/Building Permits Department staff accompanied Defendant Norton and/or Wesley Clark to the project site and photographed the alleged electrical code violations. (Teach Dep. at 38:16-40:8, 201:9-15; Pl.'s M. for Summ. J. [Doc. 66-1] at 4; Suspension Letter, www.berkeleycountycomm.org).

17. On February 21, 2007, defendant Teach wrote and sent a certified letter to plaintiff notifying him that his inspection privileges in Berkeley County had been suspended for 60 days. (Berkeley County's Answer to Second Am. Compl. [Doc. 142] ¶¶ 14, 19; Teach Depo. 203:3-5; Pl.'s M. for Summ. J. [Doc. 66-1] at 4; Suspension Letter).

18. Plaintiff received the Suspension Letter on or about February 23, 2007. (Smith Dep. at 292:2-293:14-21).

19. Prior to the Suspension Letter, plaintiff had been given no notice of the complaint against him, of any proposed suspension of his inspection privileges in Berkeley

County, or of the suspension. (Teach Dep. at 77:20-78:6; Pl.'s M. for Summ. J. [Doc. 66-1] at 5).

20. Plaintiff was not given the opportunity by defendant Teach to contest his suspension within 72 hours of receipt of the Suspension Letter. (Teach Dep. at 99:9-100:9; Pl.'s M. for Summ. J. [Doc. 66-1] at 5)

21. At all times relevant to the case at bar defendant Teach was acting under color of state law. (Berkeley County's Answer to Second Am. Compl. ¶ ¶46, 51 [Doc. 142]; Pl.'s M. for Summ. J. [Doc. 66-1] at 5).

## DISCUSSION

### I. Standard

The moving party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See* **Charbonnages de France v. Smith**, 597 F.2d 406, 414 (4th Cir. 1979). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court is required to draw all reasonable inferences in favor of the nonmoving party and to view the facts in the light most favorable to the nonmoving party. **Anderson**, 477 U.S. at 255. The moving party has the burden to show an absence of evidence to support the nonmoving party's case. **Celotex Corp. v. Catrett**, 477 U.S. 317, 325 (1986). The party opposing summary

judgment must then demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. **Anderson**, 477 U.S. at 248. A mere scintilla of evidence supporting the case is insufficient. *Id.* at 252.

## II.     Plaintiff's Negligence Claim

Plaintiff alleges that defendant Berkeley County negligently supervised its employee, defendant Teach, in allowing him to suspend plaintiff's electrical inspections license. ([Doc. 145] at 4-6). In response, defendant Berkeley County argues that it cannot be held liable for such an action as West Virginia Code § 29-12A-5(a)(9) immunizes the County from any negligence claim asserted "for the exercise of its policy making function in reference to its licensing powers or functions, including, but not limited to, the power to issue, deny, suspend or revoke or the failure to issue power, deny, suspend or revoke any permit license, certificate, approval or order of "any similar authority." ([Doc. 133] ¶ 5) (citing W.Va. Code § 29-[12A-5(a)(9)])). The Court finds defendant's argument unpersuasive.

"The general rule of construction in governmental tort legislation favors liability, not immunity. Unless the legislature has provided for immunity under the circumstances, the general common-law goal of compensating injured parties for damages caused by negligent acts must prevail." Syl. Pt. 1, **Brooks v. The City of Weirton**, 202 W.Va. 246, 503 S.E. 814 (1998) (internal citations omitted). The West Virginia Code does provide for "immunity under certain circumstances," **Brooks**, 202 W.Va. at Syl. Pt. 1, but "this case is not one of those instances." **Koffler v. City of Huntington**, 196 W.Va. 202, 204, 469 S.E.2d 645, 647, n.2 (1996) (citing **O'Dell v. Town of Gauley Bridge**, 188 W.Va. 596, 600, 425 S.E.2d 551, 555 (1992)).

West Virginia Code § 29-12A-4(c)(2) states:

> (c) Subject to sections five and six of this article, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> ...
>
> (2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment.

Section six of the article merely sets out a two year statute of limitations, which is satisfied in the case at bar. *See* § 29-12A-6; [Doc. 140]. Section five sets out a number of specific exemptions to liability. In its motion [Doc. 133] defendant Berkeley County claims the exemption set out in § 29-12A-5(a)(9) applies in the case at bar. Section 29-12A-5(a)(9) states as follows:

> (a) A political subdivision is immune from liability if a loss or claim results from:
>
> ...
>
> (9) Licensing powers or functions including, but not limited to, the issuance, denial, suspension or revocation of or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authority

Should Berkeley County or defendant Teach have had any "licencing powers" to exercise, §29-12A-5(a)(9) might well immunize Berkeley County from liability. As this Court found

(and discussed at length) in its Order of November 13, 2008 [Doc. 99], however, the only power to revoke the license issued to plaintiff was delegated to the State Fire Marshal. (Id. at 12-18). As such, the immunity set out in § 29-12A-5(a)(9) is inapplicable to the case at bar.

Further, in its Reply [Doc. 149], counsel for Berkeley County argues that "[i]t is the contentiousness of these issues where there is natural friction between the contracting community and the code enforcement authorities which make immunity for actions taken to enforce the code or exercising inspection powers absolutely necessary. A simple negligence theory should not be permitted to proceed to trial for the clear prohibition of W.Va. Code 29-12A-5(a)(9) & (10)." ([Doc. 149] at 7-8). That quotation is the entire argument provided by defendant as to the applicability of § 29-12A-5(a)(10). Despite defendant's averment that there is a "clear prohibition" in that section, the Court fails to see the prohibition. W.Va. Code § 29-12A-5(a)(10) states:

> Inspection powers or functions, including failure to make an inspection, or making an inadequate inspection, of any property, real or personal, to determine whether the property complies with or violates any law or contains a hazard to health or safety;

Here, plaintiff has not made a claim against defendant Teach for any *inspection*, but for Teach's suspension of plaintiff's *state issued license*; and, thus, plaintiff argues defendant Berkeley County is liable for its negligent supervision of defendant Teach. (See [Doc.

140]). Accordingly § 29-12A-5(a)(10) is inapplicable to the case at bar and does not immunize defendant from liability[3].

## **CONCLUSION**

Based on the foregoing, the Court finds that defendant Berkeley County is liable for any negligence in its management of defendant Teach, and vicariously liable for any negligence of defendant Teach so long as that negligence was performed while he was acting within the scope of his employment pursuant to West Virginia Code § 29-12A-4(c)(2). As such, defendant Berkeley County's Motion for Summary Judgement is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

---

[3]The Court would note that defendant's repeated attempts to shift the object of plaintiff's suit from the suspension of his state issued license to some "friction" regarding "actions taken to enforce the code or exercising inspection powers" is not well taken. Plaintiff has made clear in the Complaint, and in its briefing, that what is at issue is the County's failure to recognize (and properly address) defendant Teach's denial of plaintiff's Due Process rights when suspending plaintiff's state issued license. (*See e.g.* [Doc. 145] stating: "Plaintiff has never alleged, but has consistently denied, that either the Commission or the Defendant Teach had any licensing powers relative to the electrical inspector's certification of the Plaintiff, and, therefore has never alleged that licensing or the like power was exercised negligently.") Additionally, this Court has already found that defendant Teach's arguments with regard to his authority to suspend plaintiff's license are legally deficient. (*See generally* [Doc. 99]). This Court has no intention of overlooking its prior rulings with respect to the substance of the law in this area

**DATED**: July 28, 2009

/s/ John Preston Bailey
JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE